NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1709
_____

IN RE: VELOCITA CORP, et al.,

*Debtor*

CONSTRUCTION MANAGEMENT & INSPECTION, INC.,

*Appellant*

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cv-03661)
District Judge: Honorable William J. Martini
_____

Argued January 18, 2006

Before: ROTH, FUENTES, and BECKER, *Circuit Judges*.

(Filed: February 16, 2006)

JAMES A. SCARPONE (Argued)
Scarpone Staiano & Savage
744 Broad Street
Suite 1901
Newark, NJ 07102
        *Attorney for Appellant*

GARY T. HOLTZER (Argued)
Weil, Gotshal & Manges
767 Fifth Avenue
27th Floor
New York, NY 10153
        *Attorney for Appellee*

———

OPINION OF THE COURT

———

BECKER, *Circuit Judge*.

Construction Management & Inspection, Inc. ("CMI") appeals from the District
Court's order affirming the Bankruptcy Court's dismissal of a negligent misrepresentation
claim against Weil, Gotshal & Manges LLP ("Weil, Gotshal").  According to the
complaint, Weil, Gotshal, which represented Velocita Corporation and its affiliates ("the
Debtors") in a Chapter 11 bankruptcy proceeding, stated that the Debtors would continue
to pay CMI for services.  CMI alleges that the Debtors broke this promise, and seeks to
hold Weil, Gotshal liable.

We reject CMI's challenge to the subject matter jurisdiction of the District Court
and the Bankruptcy Court, holding that "related to" jurisdiction exists because CMI's
action could have affected the Chapter 11 proceedings.  We further hold that the District
Court correctly dismissed the case under Federal Rule of Civil Procedure 12(b)(6)
because CMI's claim involves a promise of future conduct, not a misrepresentation of
existing fact.  Finally, we conclude that the District Court properly denied CMI's motion

2

to withdraw the reference of the case to the Bankruptcy Court.  We therefore affirm the order of the District Court.

## I.

On May 30, 2002, Velocita Corporation and its affiliates ("the Debtors") filed Chapter 11 petitions in the United States District Court for the District of New Jersey (the "Chapter 11 proceeding").  In this proceeding, the Debtors were represented by Weil, Gotshal and another law firm.

At the time the bankruptcy petitions were filed, CMI was engaged in construction inspection for some of the Debtors' projects.  Later, Velocita notified CMI that it planned to discontinue one of these projects, and CMI sought assurances from Weil, Gotshal that it would be paid for its post-bankruptcy petition work on other projects.  In response, Weil, Gotshal wrote to CMI as follows:

> Pursuant to our discussions and in response to your letter dated August 22, 2002 regarding Construction Management & Inspection, Inc. ("CMI"), the Debtors will no longer require the services of CMI on the [discontinued project].  To the extent CMI provides the Debtors with inspection services on other projects, the Debtors request that CMI continue to provide such services.  *The Debtors will continue to pay undisputed invoices for post-petition services provided by CMI.*

(emphasis added.)

CMI claims that it continued to perform services for the Debtors, relying on the assurances in the letter.  CMI further alleges that when it asked to be paid, Weil, Gotshal responded that the Debtors would no longer compensate CMI for

3

post-petition services.[1]

Weil, Gotshal applied for attorneys' fees in the Chapter 11 proceedings.  On
December 2, 2002, CMI objected to Weil, Gotshal's fee application, arguing that
Weil, Gotshal should be denied compensation because of the allegedly false
assurances contained in the letter to CMI.  CMI later objected to another Weil,
Gotshal fee application, reasserting its prior arguments.  On February 10, 2003, the
Bankruptcy Court granted Weil, Gotshal's fee applications and treated CMI's
objection as an ongoing objection to further fee requests.

On June 18, 2003, CMI filed in Texas state court the action that is currently
before us, alleging, as in its objections to the fee applications, that Weil, Gotshal
negligently misrepresented the financial status of the Debtors, causing CMI to
perform services for which it was not fully paid.  On June 26, 2003, Weil, Gotshal
removed the current action to the District Court for the Northern District of Texas.
Meanwhile, in the Chapter 11 proceedings, CMI withdrew an objection to the
liquidation plan on July 10, 2003.  This objection resembled both the fee
objections and CMI's allegations in this case, in that CMI focused on the allegedly
false letter from Weil, Gotshal.  With the objection withdrawn, the New Jersey
Bankruptcy Court confirmed the plan on July 21, 2003.  Under the plan, CMI

---

[1] On July 16, 2002, in the Chapter 11 proceedings, the Bankruptcy Court issued a Final
Order Authorizing the Use of Lenders' Cash Collateral, which provided that after September 15,
2002, the Debtors would have to obtain the approval of the Lenders for additional loans.
Apparently, the Debtors were unable to pay CMI because the lenders did not approve such loans.

received half of what the Debtors owed, meaning that CMI did not receive

compensation for $342,747.48 in post-petition services.

Returning to the current action, on July 16, 2003, the Bankruptcy Court for

the Northern District of Texas found that core bankruptcy jurisdiction existed and

granted Weil, Gotshal's motion to transfer the case to the District Court for the

District of New Jersey.  On September 16, 2003, CMI moved the New Jersey

District Court to remand the case to Texas state court or to withdraw the reference

of the case to the New Jersey Bankruptcy Court (the forum of the Chapter 11

proceedings).  The District Court denied the motions.

The New Jersey Bankruptcy Court concluded that it possessed core

jurisdiction over the case and dismissed CMI's claim against Weil, Gotshal for

failure to state a claim.  CMI filed an appeal in the District Court, asserting, *inter

alia*, that the Bankruptcy Court erred in finding subject matter jurisdiction and in

dismissing the complaint and that the District Court should withdraw the reference

of the case to the Bankruptcy Court.  The District Court affirmed the Bankruptcy

Court's order and denied CMI's motion to withdraw the reference.

## II.

Weil, Gotshal first contends that the Bankruptcy Court and District Court

lacked subject matter jurisdiction over this action.  "Bankruptcy court jurisdiction

potentially extends to four types of title 11 matters, pending referral from the

district court: (1) cases under title 11, (2) proceeding arising under title 11, (3)

proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11." *In re Resorts Intl'l., Inc.*, 372 F.3d 154, 162 (3d Cir. 2004) (citations and quotations omitted); 28 U.S.C. § 157 (b)(1). The first three types of jurisdiction are categorized as "core" jurisdiction, while the remaining form of jurisdiction is referred to as "related to" jurisdiction. *Resorts Intl'l.*, 372 F.3d at 162.

The first two types of jurisdiction do not apply since CMI's cause of action does not arise under Title 11. Rather, Weil, Gotshal contends that the District Court and Bankruptcy Court had "arising in" jurisdiction (a type of core jurisdiction) and "related to" jurisdiction.

"Arising in" jurisdiction is lacking under *Stoe v. Flaherty*, No. 04-3947, 2006 U.S. App. LEXIS 1580 (3d Cir. Jan. 23, 2006), which was decided after we heard oral argument in this case. We held in *Stoe* that "claims that 'arise in' a bankruptcy case are claims that by their nature, *not their particular factual circumstance*, could only arise in the context of a bankruptcy case." *Id.* at *21 (emphasis added) (citations omitted). While there are some factual connections between CMI's claim and the Chapter 11 proceedings, *Stoe* directs us to ignore these connections, and therefore view CMI's suit as a generic negligent misrepresentation action. Because negligent misrepresentation claims certainly can occur outside the context of bankruptcy, "arising in" jurisdiction does not exist here.

6

The seminal case on "related to" jurisdiction is *In re Pacor, Inc.*, 743 F.2d 984 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995). In *Pacor*, we stated: "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.*" *Id.* at 994 (citations omitted).

Weil, Gotshal argues that "related to" jurisdiction exists under *Pacor* because this action could have affected the Chapter 11 proceeding. When CMI filed its complaint in this case, its objections to plan confirmation and to Weil, Gotshal's fee applications were pending in the Chapter 11 proceeding. Like the allegations in this case, these objections involved Weil, Gotshal's assurances that the Debtors would pay CMI. Specifically, Weil, Gotshal contends that if CMI prevailed in the current action, CMI's objections to Weil, Gotshal's fees might have been granted. Thus, the Debtors might have retained more funds with which to pay other creditors. Weil, Gotshal further contends that CMI's suit might have affected plan confirmation.

We agree with Weil, Gotshal, and conclude that the current action "could conceivably have [an] effect on the estate being administered in bankruptcy," *id.* at 994. The potential effect is far greater than in *Pacor*, where we found that "related

7

to" jurisdiction did not exist.[2]  Here, because the subject matter of CMI's current

suit (the letter from Weil, Gotshal) resembles the subject matter of CMI's plan and

fee objections, the potential effect on estate administration is substantial.  Fee

applications, which can be very substantial,[3] and plan disputes—the very matters

that the current action might affect—lie at the heart of estate administration and

the work of a Bankruptcy Court.  In fact, the substance of the current claims was

before the Bankruptcy Court in CMI's fee and plan objections (although the plan

objection was later withdrawn).  Therefore, we hold that the Bankruptcy Court and

the District Court had "related to" jurisdiction over CMI's claim, and we reject

CMI's contention that the case should have been dismissed for lack of subject

matter jurisdiction.[4]

### III.

---

[2] In *Pacor*, the plaintiffs filed suit against Philadelphia Asbestos Co. ("Pacor") in Pennsylvania state court for asbestos-related injuries.  *Id.* at 986.  Pacor filed a third party complaint against Johns-Manville, an asbestos producer, which, Pacor claimed, manufactured the asbestos in question.  Johns-Manville filed a chapter 11 petition.  *Id.*  Pacor then attempted to remove the case to Bankruptcy Court.  *Id.*  We found that the plaintiffs' suit against *Pacor* was "[a]t best . . . a mere precursor to the potential third party claim for indemnification by Pacor against [Johns-Manville]."  *Id.* at 995.

[3] In granting one of the fee applications, the District Court awarded nearly one million dollars to Weil, Gotshal in fees and expenses.

[4] In a letter submitted after oral argument, CMI contends that the Bankruptcy Court was required to abstain under 28 U.S.C. § 1334(c)(2), which provides for mandatory abstention in certain cases where only "related to" jurisdiction exists.  Although CMI asserted before the District Court that the Bankruptcy Court should have abstained, CMI did not pursue the contention in its briefs before this Court.  The argument is therefore waived.  *See United States v. Geevers*, 226 F.3d 186, 196 (3d Cir. 2000) (stating that even "[a] reply brief is generally too late to raise a new issue under our jurisprudence").

We turn to the dismissal of CMI's complaint under Federal Rule of Civil

Procedure 12(b)(6).  The District Court and the Bankruptcy Court found the

complaint deficient in several respects.  We will affirm on the ground that the tort

of negligent misrepresentation requires a misrepresentation of existing fact, as

opposed future conduct.  *See Swank v. Sverdlin*, 121 S.W.3d 785, 802 (Tex. App.

2003) ("To establish negligent misrepresentation, the plaintiff must . . . prove that

the defendant misrepresented an 'existing' fact in the course of the defendant's

business rather than a promise of future conduct.").  Because Weil, Gotshal's

statement involved the Debtors' *future* payments, CMI has failed to state a claim

for negligent misrepresentation.

CMI argues that an unfulfilled promise can be actionable if it is made with

the intent to deceive.  *See Airborne Freight Corp., Inc. v. C.R. Lee Enters., Inc.*,

847 S.W.2d 289, 294 (Tex. App. 1992) (stating that a promise is actionable fraud

"only when made with the intention, design and purpose of deceiving, and with no

intention of performing the act").  However, CMI did not allege that the promise

was made with the present intent to deceive, and thus failed to differentiate it from

a garden-variety broken promise.

## IV.

Finally, CMI contends that the District Court improperly declined to

withdraw the reference of the case to the Bankruptcy Court.  Section 157(d) of

Title 28 enables a District Court to withdraw the reference "for cause shown."

9

Relevant factors include "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (citations omitted). In light of these factors, it was logical for the Bankruptcy Court to hear CMI's suit: The claim resembled CMI's objections in the Chapter 11 proceeding, which was before the Bankruptcy Court. Therefore, we hold that the District Court did not err in declining to withdraw the reference.

To summarize, "related to" jurisdiction exists here because the outcome of the current action could have affected Weil, Gotshal's fee applications and the confirmation of the plan. The District Court correctly affirmed the Bankruptcy Court's dismissal of CMI's complaint because Weil, Gotshal's alleged misrepresentations involved only promises of future conduct. Finally, the District Court properly refused to withdraw the reference to the Bankruptcy Court. We therefore affirm the order of the District Court.